STEIN, MCGUIRE, PANTAGES & GIGL, LLP
354 Eisenhower Parkway
P.O. Box 460
Livingston, N.J. 07039
973-992-1100
Attorneys for Defendant
**File No. 11.11156**
**JSB4957**

RECEIVED

JAN 1 0 2008

AT 8:30 _____ M
~~WILLIAM T. WALSH~~
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALIDA HAMPTON, | : | CIVIL ACTION NO. 07-1566 |
| 2555 Old Trevose Road, Apt. K3 |  | Hon. Freda L. Wolfson, USDJ |
| Trevose, PA 19053, | : |  |
| Plaintiff |  |  |
|  | : | CONSENT ORDER |
| v. |  | REGARDING CONFIDENTIALITY |
|  | : |  |
| CREDIT UNION OF NEW |  |  |
| JERSEY | : |  |
| 1301 Parkway Avenue |  |  |
| Ewing, N.J. 08628 | : |  |
| Defendant. |  |  |

Plaintiff, Alida Hampton, and defendant, Credit Union of New Jersey hereby stipulate and agree that this Stipulation and Consent Order (hereinafter "Protective Order") shall govern the production, inspection, copying and disclosure of certain documentation produced by plaintiff and defendant (hereinafter collectively referred to as the "Parties"). The parties further stipulate and agree that the information disclosed and produced by the Parties shall be used solely for purposes of this litigation pursuant to this Protective Order.

1.    Defendant, Credit Union of New Jersey shall make available for inspection by plaintiff's counsel certain documents relevant to the above-captioned litigation. These documents are further described as the personnel files of the following employees:

**Cheryl Kerr, Rosemary Lisa Urbaniec, Olga Pereira, James Decker, Sue Kim, and Claudia Colon. It is represented that these files have had all social security numbers, personal bank account numbers, personal credit information, drivers license numbers, passwords, responses to security questions and personal health insurance account numbers redacted.**

2.    These documents, and any other similar documents agreed to by the parties' attorneys in writing, are hereby subject to the provisions of a Protective Order set forth in this paragraph and incorporated within this Order. The documents referenced in paragraph 1 and other subsequently agreed-upon documents, hereinafter shall be known as the "CONFIDENTIAL MATERIALS". This Protective Order provides as follows:

a.    To the extent that the defendants believe that the documents being produced are CONFIDENTIAL MATERIALS, such CONFIDENTIAL MATERIALS should be labeled as "CONFIDENTIAL: by the defendants. In the case of multi-page documents, a marking of "CONFIDENTIAL" on the first page is sufficient for the entire document to be considered to be confidential. Such CONFIDENTIAL MATERIALS shall then be served upon or produced to plaintiff's counsel for inspection, copying and use by plaintiff's counsel, including supporting and clerical personnel of plaintiff's counsel.

b.    All CONFIDENTIAL MATERIALS shall be used solely for the purposes of this lawsuit and not for any business or other purpose whatsoever.

c.    The CONFIDENTIAL MATERIALS shall not be shown, communicated, paraphrased, summarized or disclosed, in whole or in part, or in any manner whatsoever, to anyone other than:

(i)    The attorney of record for the plaintiff in this litigation and employees of such attorney who are actively engaged in assisting counsel in this matter;

(ii)    Independent experts who have been separately retained by the party and or the party's counsel for the purpose of this litigation in this matter; and

(iii)    The Court.

d.    No person to whom the CONFIDENTIAL MATERIALS are disclosed shall disclose such CONFIDENTIAL MATERIALS in any manner, whatsoever, to any person to whom disclosure is not authorized by the terms hereof, or make any disclosure of same for any purpose whatsoever. Each person to whom disclosure is made hereby agrees to subject himself or herself to the jurisdiction of this Court for the purposes of contempt proceedings in the event of any violation of this Order.

e.    At the conclusion of this litigation, that is, when judgment has been entered on all claims or counterclaims in favor of either party or when a stipulation of dismissal of all claims or counterclaims has been entered, documents marked "CONFIDENTIAL" or protected by this Order shall be returned to the defendant including

all reproduction thereof, or shall be destroyed within ten (10) days of the conclusion of litigation.

3.    All documents designated as CONFIDENTIAL MATERIALS pursuant to this Protective Order that are filed by any Party with the Court shall be filed in a sealed envelope bearing the caption of this action and containing the following notice "Restricted: Sealed by Stipulation and Consent Order". These documents shall be made available for inspection only by the Court or other appropriate persons pursuant to the terms of this Protective Order.

The terms and form of this Stipulation and Consent Order are hereby consented to on this _____ day of _____, 2008.

_____
John J. Hughes
U.S. Magistrate Judge

BY: _____
JEREMY CERRUTI, ESQ.
Attorney for Plaintiff

STEIN, McGUIRE, PANTAGES & GIGL, LLP

BY: _____
JAMES L. A. PANTAGES
Attorneys for Defendant

—4—